Colcock, J.
This was an action on a policy of insurance on *523 the ship Independence, commanded by Captain Churchill, at and from the coast of Africa, for the term of four months, beginning the 18th day of April, and ending the 18th day of August. The policy bore date on the 18th of April; the ship was blown up, in an insurrection of two hundred and forty slaves on board, in Leango Bay, on the 17th July. A verdict was found for the defendant, and a motion is made for a new trial on the following grounds: 1. That his honor, the presiding judge, directed the jury, contrary to law, that if they thought the Independence had been within five hundred miles of the place, where Captain Churchill had quarrelled with the natives, they were bound to find a verdict for the defendant. 2. Because his honor directed the jury, contrary to law, that the policy was void ab initio, since the state of the ship-had not 'been disclosed. 3. Because the practice of the company at their board, was expressly stated to constitute a legal custom, binding on all parties contracting with the company.
On the first ground, it was contended on the part of the plaintiff, that the promise that the vessel would not go within five hundred miles of Congo, was made at the time of obtaining the first insurance on the outward voyage ; but it was admitted, that when, on the trial, it was averred that the plaintiff had been guilty of misrepresentations, and had imposed on the defendant, that permission was given to prove any facts relating to the first policy, which could have a tendency to support the position, and that a great deal of testimony, avowedly not admissible in the present case', was introduced. If the plaintiff, then, has been prejudiced by the admission of such testimony, I should not think it a ground for a new trial. I have made this observation to meet any possible view of the case, for I am satisfied, from the report of the presiding judge, that this promise had relation to the policy on which this action was founded; and the objection of the underwriters to the captain’s going within reach of Congo, arose from knowing that the people of that part of Africa, were much enraged against the captain, and, savage-like, would go great lengths to destroy the vessel. The English doctrine with respect to representation, need not have been referred to in this case, for the party plaintiff was aware of the rules of the company, which required insurers to represent all matters, which may increase the risque ; and in pursuance of that rule, both by his his agent, and himself, committed to writing the information. Now, whatever pray be the law generally, in cases of this kind, I hold, that this plaintiff was bound to communicate, fully and truly, all matters, which could have any influence on the defendants, in de *524 ciding on the taking of the risque. Whether this was done, was question of fact, and was determined by a jury ; and I heard no-^ing on the argument, which induced me to believe the verdict wrong; and here I will remark, that it appeared that ,the presiding judge was misunderstood, as to the matter contained in the third ground, which was, therefore, abandoned.
Here, perhaps, I might stop, if this had not been a case of great interest; but it was contended on behalf of defendant, and much reliance appeared to be placed on the argument, that if the vessel was not seaworthy, at the time the insurance was obtained, the policy was void. It is to be recollected that this was a policy at and from ; now, although there can be no doubt but that she was in a leaky condition while at Leango Bay, this would not avoid the policy ; for the leak might have been discovered and stopped before she sailed. If a vessel commences a voyage in a state of unseaworthiness, I should hold the policy void ; but not merely because the vessel was so while in port, at the time the policy was effected. I am, however, against the motion in this case.
Nott, J.
A motion for a new trial is not always to be decided on the grounds made by the party bringing up the case. He brings to the view of the court only such points as make for him, while he omits those that operate against him. In the present case it is unnecessary to notice the grounds made by the plaintiff’s counsel, since the case presents other facts conclusive against the motion. The underwriters knew that the captain of this ship had, by his former conduct on the coast of Africa, rendered himself so obnoxious to the natives of Congo, that his life, as well as the safety of his ship and cargo, were in danger from their hostility; they, therefore, refused to subscribe this policy, until the plaintiff represented to them that he had received a letter from his correspondent, informing him that the king of Congo was so far from being displeased with the captain’s conduct, that he approved of it. At the same time, he had a letter in his possession from the supercargo in the following words : “ The people are in Congo much exasperated against Captain Churchill, and if they can get possession of him, I have no doubt would murder himwhich he suppressed. Now this was the ground on which they had uniformly refused to insure, until he had allayed their fears, by giving them contrary assurances, and in all probability would still have refused, if he had disclosed this important information ': And it seems to be a clear and settled principle of law, that “ állegatio ¿falsi vel suppressio veri” will avoid a policy. Park, 1745. The same author observes further, *525 that the second species of fraud which affects insurance, is the concealment of circumstances, known only to one of the parties entering into the contract. Concealment of circumstances vitiates all contracts upon the principal of natural law. Park, 178. 1 Blks. Rep. 465. Upon this ground, therefore, anew trial ought to be refused ;/ and even though there may have been a misdirection of'j the court in point of law, a verdict ought not to be disturbed, if there are still good grounds to support it. 2 D. and E. 4. Edmunson v. Marshall. Motion refused.
Bay, J.
In this case, I am against a new trial: 1. Because it appears from the testimony offered, as well as from the report of the judge who tried this cause, that there was a concealment of the state and condition of the ship at the time the policy was effected, as she afterwards proved leaky and unseaworthy as soon as she went to sea. 2. Because there was a misrepresentation in stating, that the king of Congo had been reconciled to Captain Churchill, after a violent affray with the natives on the coast of Africa, on a former voyage, 'as the Congo men had threatened to cut him off, if ever he came to the coast again. 3. That the warranty at the time the policy was effected, was not afterwards complied with ; namely, that Captain Churchill would not go within five hundred miles of the place where he had the quarrel with the natives ; whereas, he went to Leango Bay, near the Congo river, contrary to the faith of this warranty, where the natives rose upon him and destroyed the ship, which was in a very leaky condition, when she was blown up in the month of April, 1807; for these reasons, I am against disturbing the verdict, and am of opinion the rule should be discharged.
Gbimke, J.
The jury in this case had found for the defendant. It appearing upon the argument that the plaintiff had not, in his re. presentations to the underwritérs, submitted the whole truth as to the state of the vessel, on her outward bound voyage, and whilst she lay in the bay of Leango, on the coast of Africa ; nor did he communicate the information received from the supercargo on board of the said vessel, of the continued hostility of the natives of4Con-go against the captain of this vessel, on account of his having taken off some of the free natives of that kingdom, on his last voyage. It is my opinion, that the policy was void, ab initio, and that no new trial should be granted.